## NEW YORK CENTRAL R. R. CO v HICKS

Ohio Appeals, 9th Dist, Lorain Co
No. 553. Decided May 8, 1931

H. C. Johnson, Elyria, for New York Central R. R. Co.

L. D. Hamlin, Elyria, and W. A. Miller, Amherst, for Hicks.

WASHBURN, J.

There is nothing in the record to indicate the view of the trial court as to whether there was passion or prejudice, except the fact that the motion for a new trial was overruled, which the court had no right to do if the court found that the verdict appeared to be the result of passion or prejudice.

It is inferable from the record that the trial court found that the verdict was more than twice as large as it should have been. Should this court find, from the size of the remittitur, and from that alone, that the jury was influenced by passion or prejudice?

We do not think so. This case is unlike, many of the reported cases, in that in them the question of the amount of damage was necessarily and solely a matter for the opinion of the jury, the witnesses merely describing the conditions and not testifying as to value, such as personal injury cases.

In the case at bar the witnesses not only described the condition of the truck before and after the collision but testified as to the market value of the truck at said times; it was claimed that some of said witnesses possessed knowledge and judgment as to value which jurors and ordinary citizens do not possess, and the giving of credit to their evidence is no indication of passion or prejudice on the part of the jurors; the owner of the truck testified that the truck was worth $6000 to him and later testified that the market value was that amount, and that it was of the value of $50 after the collision; another witness testified that the market value was from $3500 to $4000 before the collision; a witness for the company who examined the truck after the collision estimated that it was worth $1000 before the collision and

that it would take $500 to repair it; the uncertainty as to the age of the truck and the extent of its rebuilding before the collision and other facts developed on cross-examinations, make it difficult to fix the value of that truck with any degree of exactness or satisfaction; in addition to that, the jurors were fixing the damage six years after the truck had been injured and could properly take into consideration such lapse of time in fixing the damage.

On the whole record, we are unable to say that the verdict of the jury appears to have been the result of passion or prejudice, and therefore the trial court did not err in not granting a new trial because the verdict was, excessive.

So far as we can ascertain from the record, the plaintiff in error had a fair trial, wherein there was no substantial error in the admission of evidence and in which the disputed questions of fact were submitted to a jury by a charge of the court which was free from prejudicial error, and the finding of the jury, as modified by the court, is not so manifestly wrong as to justify this court in disturbing the judgment.

Judgment affirmed.

PARDEE, PJ, and FUNK, J, concur.